IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00128-EWN-MJW

CHRISTOPHER WELLS,

Plaintiff,

v.

PIKES PEAK ACURA, LTD,
aka Crouch Management Inc.,
a/k/a Pikes Peak Imports, Ltd.,

Defendant.

---

### ORDER REGARDING
### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF CUSTOMER FILES
### (DOCKET NO. 20)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter was before the court for hearing on August 9, 2007, on the Plaintiff's Motion to Compel Production of Customer Files (docket no. 20). The court has reviewed the subject motion, response (docket no. 25), and replies (docket nos. 26 and 28). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered the testimony of Jeffrey Jensen and oral argument by the parties. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff has brought numerous claims in his Complaint. He has brought claims

2

of Public Policy Exception to At-Will Employment; Age Discrimination in Employment Act of 1967 as amended in 1978; defamation; breach of implied contractual obligation; and breach of contractual obligation arising by operation of promissory estoppel. Plaintiff seeks compensatory and punitive damages from the supplemental claims brought in the Complaint. Defendant has denied liability to all of these claims.

In the subject motion, Plaintiff seeks an order from this court directing Defendant to produce documents responsive to Plaintiff's Request for Production No. 5 within seven (7) calendar days and an order requiring Mr. Jeff Jensen, who is the owner, vice-president, and general manager of Defendant Pikes Peak Imports, Ltd, to submit to a deposition on any subject related to the customer files within 30 days from the date the documents are produced. During oral argument, Plaintiff's counsel indicated that he was modifying his request in Request for Production No. 5 to include only one year instead of two years.

Plaintiff's Request for Production ("RFP") No. 5 states:

Produce all customer files (social security numbers may be redacted) of financed customer deals at Pikes Peak Acura, Ltd., the dealership where Plaintiff was employed for the dates starting and including December 1, 2003 through and including all dates until November 30, 2005. Complete customer files will include all paperwork including but not limited to worker's quote, credit application(s), worksheets, buyer's order and bank note.

Defendant objects to this RFP No. 5 arguing (1) that Plaintiff's RFP No. 5 is not reasonably calculated to lead to discovery of relevant evidence and is a clear fishing expedition; (2) that Plaintiff's RFP No. 5 is overly broad and unduly burdensome on its face; and (3) that the customer deal files requested by Plaintiff contain customer

3

information for which those customers have a reasonable expectation of privacy and the disclosure of such information would violate the provisions of the Gramm-Leach Biliey Act, 15 U.S.C.A. §§ 6801-6800, inclusive.

Here, the court finds that the customer files are relevant to the parties' claims and defenses.  These customer files and the applications are the exclusive source of the alleged forgeries, falsifications, and inside notes directing the consumer fraud as claimed by Plaintiff.  Moreover, these customer files are relevant concerning the practices that took place at the Defendant dealership and are further relevant on the issue of impeachment.  The court further finds that RFP No. 5 is not overly broad or unduly burdensome, noting that Plaintiff has reduced his request to a one-year period of time.  Lastly, this court finds that the privacy interests of the customer personal information contained these customer files can be protected by a protective order and by limiting when and where Plaintiff may contact such customers.  See Rich v. Martin Marietta Corp., 522 F.2d 333 (10th Cir. 1975); E.E.O.C. v. University of New Mexico, 504 F.2d 1296 (10th Cir. 1974).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel Production of Customer Files (docket no. 20) is **GRANTED**;

2. That Defendant shall provide to Plaintiff customer files from December 1, 2003, to November 30, 2004, on or before September

14, 2007;

3. That the customer files shall be treated by all parties as "confidential," and such files may used for the limited purpose of this litigation only and for no other purpose;

4. That the parties shall forthwith meet, confer, and stipulate on which personal information in each customer file that can be redacted in order to protect the privacy interests of such customers and file such written stipulation with the court by September 14, 2007;

5. Discovery is extended to October 12, 2007, for the limited purpose of completing the deposition of Jeff Jensen. Plaintiff may depose Jeff Jensen on or before October 12, 2007;

6. Plaintiff may not contact, through any means, any customer identified in any customer file without further Order of Court; and,

7. That each party shall pay their own attorney fees in costs for this motion since to award expenses under these circumstances would be unjust.

Done this 28th day of August 2007.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. Magistrate Judge