IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00128-EWN-MJW

CHRISTOPHER WELLS

        Plaintiff,

v.

PIKES PEAK ACURA, LTD.,
a/k/a Crouch Management, Inc.,
a/k/a Pikes Peak Imports, Ltd.

        Defendant.

---

## STIPULATION AND PROTECTIVE ORDER REGARDING THE PRODUCTION OF DEFENDANT'S CUSTOMER FILES

---

Each party by and through their counsel of record and each counsel of record stipulate to and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of the production of the Defendant's customer files.

**AS GROUND THEREFOR**, the parties state:

**WHEREAS**, in this action, the Court has ordered the production of the Defendant's customer files produced to the Plaintiff, pursuant to the Court's Order of August 28, 2007. The parties agree the disclosure of information contained in the Defendant's customer files outside the scope of this litigation could result in significant injury to the Defendant's business and/or the privacy interests of the Defendant's customers. As such, the parties have entered into this Stipulation and request the Court enter the Protective Order contained herein for the purpose of

preventing the disclosure and use of information contained in the Defendant's customer files except as set forth herein:

**IT IS HEREBY ORDERED** that:

1. This Order shall control the confidentiality of information contained in the Defendant's customer files produced to the Plaintiff pursuant to the Court's Order of August 28, 2007.

2. The customer files produced by the Defendant are to be treated as "confidential" and fall within the scope of protection of this Order. Documentation from the customer files copied and/or reproduced by the Plaintiff shall be marked and/or stamped as "confidential."

3. For the purposes of this Order, the customer files produced to the Plaintiff pursuant to the Court's Order of August 28, 2007, shall be used by the Plaintiff solely for the purposes of this litigation and not for any other purpose whatsoever.

4. The documentation and information produced by the Defendant pursuant to the Court's Order of August 28, 2007, will be held strictly confidential and only the parties to this litigation and the attorneys representing those parties shall have access to the documentation and information contained in the customer files. The documentation and information contained in the customer files shall not be disclosed or viewed by any individual other than the attorneys and parties to the subject litigation without further order of the Court or mutual agreement by the parties prior to any such disclosure or viewing.

5. Pursuant to the Court's Order, the Defendant shall produce several hundred customer files of the Plaintiff's choosing for inspection and copying at the offices of Harris, Karstaedt, Jamison & Powers, P.C., 102 South Tejon Street, Suite 600, Colorado Springs, Colorado

80903, on the date agreed by the parties. After review, the customer files initially produced will be returned to the Defendant's place of business and Plaintiff can then again choose several hundred customer files for inspection and copying at the offices of Harris, Karstaedt, Jamison & Powers, P.C. in Colorado Springs, Colorado. Such process will continue until Plaintiff stops requesting customer files or until the discovery deadline in the subject litigation elapses.

6. The Defendant agrees to make the customer files requested by the Plaintiff available for inspection and copying, upon reasonable notice and for a reasonable amount of time, on both weekdays, weekends and evenings. The Defendant further agrees to extend the discovery deadline in the present litigation by 20 days to accommodate depositions after the disclosure of the customer files.

7. With regard to the Plaintiff's inspection and copying of the customer files, the Defendant shall supply the Plaintiff with a copy machine at the offices of Harris, Karstaedt, Jamison & Powers, P.C. in Colorado Springs, Colorado and the Plaintiff shall allow a representative of Harris, Karstaedt, Jamison & Powers, P.C. and/or Pikes Peak Imports, Ltd. to oversee the inspection and copying of the customer files. Plaintiff agrees to keep the customer files produced by the Defendant in the same order and condition as received. Plaintiff will pay for his own copies of documents at $0.04 per copy.

8. Plaintiff and counsel for the Plaintiff are permitted to bring legal pads, writing utensils, sticky notes, laptop computers, and recording devices into the room designated for the inspection and copying of the customer files, however, neither Plaintiff nor counsel for the

Plaintiff shall bring briefcases and/or folders into the room designated for the inspection and copying of the customer files.

9. Plaintiff may not contact, through any means, any customer, and may not contact through any means any bank or financial institution disclosed in the customer files concerning any specific customer without further order of the Court, however, Plaintiff may request from any bank or financial institution credit applications found in the customer files defined by date ranges as opposed to any one specific customer. This provision does not preclude the Plaintiff from contacting any bank and/or financial institution concerning information unrelated to the customer files produced by the Defendant.

10. Upon the filing of any Motion by the Plaintiff requesting an Order from the Court to contact any individual or entity identified in the customer files, Defendant shall have fifteen days from the date of the Motion in which to respond and object to the Plaintiff's request to contact any such individual or entity identified in the customer files.

11. Upon the reproduction or copying of any document produced by the Defendant, Plaintiff agrees to redact all social security numbers on such reproduced or copied documentation for future use in the present litigation.

12. Plaintiff shall provide the Defendant with copies of any original documentation reproduced and/or copied at the Defendant's expense.

13. Upon taking possession of any reproduced and/or copied documentation from the customer files produced by the Defendant, Plaintiff and counsel for the Plaintiff shall secure the custody of such documentation and agree to keep such documentation safe from disclosure

to any third-party excluding court and legal staff. In the event that such documentation is disclosed and/or compromised while in the possession of the Plaintiff and/or Plaintiff's Attorney, unless such disclosure is caused by an "act of God" or is otherwise accidental and not the direct fault of Plaintiff or Defendant, Plaintiff and Plaintiff's Attorney shall be liable to the Defendant for any and all consequential damages resulting from any such disclosure and/or compromise. Plaintiff and counsel for the Plaintiff agree to indemnify and hold harmless the Defendant from any and all costs, expenses, and liability incurred as a result of any such disclosure or compromise of the customer files produced by the Defendant. With regard to any dispute concerning the disclosure and/or compromise of the customer files produced by the Defendant, the prevailing party shall be entitled to reasonable attorney fees.

14. Upon the conclusion of the present action and any appeal, Plaintiff and counsel for the Plaintiff shall return all documentation produced by the Defendant pursuant to the Court's Order of August 28, 2007, including summaries and any copies of the documentation contained in the customer files within thirty (30) days.

15. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it and nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Fed.R.Civ.P. 26(c), or from filing a motion with respect to the manner in which confidential information shall be treated at trial. Neither the taking of any action in accordance with the provisions of this Protective Order nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16. The parties further stipulate that upon the filing of this Protective Order with the Court, the parties have set a settlement conference with respect to the subject litigation at the Judicial Arbiter Group, Inc. on October 24, 2007.

DATED this 24TH day of September, 2007.

BY THE COURT

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO


**STIPULATED AND AGREED TO BY:**

*Original signature on file at the offices of
Harris, Karstaedt, Jamison & Powers, P.C.*

**HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.**

　　　*s/ Michael Brice Sullivan*
By:_____
Michael Brice Sullivan, #13486
Matthew J. Costinett, #34191
188 Inverness Drive West, Suite 300
Englewood, Colorado 80112
Tel: (720) 875-9140
*Attorneys for Defendant Pikes Peak Imports, Ltd.*

**WUTHRICH & PARR, LLC**

　　　*s/ Marc Wuthrich*
By:_____
Marc Wuthrich, #33543
Wuthrich & Parr, LLC
620 16th Street, Suite 300
Denver, CO 80202
Tel: (303) 623-5900
*Attorneys for Plaintiff Christopher Wells*